EDWARD H. COLE, Appellant, *v.* THE KNICKER-BOCKER LIFE INSURANCE COMPANY, Respondent.

*Corporation—a creditor at large cannot apply for its dissolution on account of its insolvency.*

A creditor at large of a corporation cannot maintain an action to have it dissolved, on the ground of insolvency, and to compel its trustees, directors and officers to make good the losses which it has sustained by reason of their negligence and mismanagement.

*Belknap* v. *The N. Y. Life Ins. Co.*, 11 Hun, 282, followed.

Appeal from a judgment entered upon an order sustaining a demurrer interposed to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action.

*John L. Hill*, for the appellant.

*Henry W. Johnson*, for the respondent.

Gilbert, J. :

The plaintiff claims to be a creditor at large of the defendant corporation; as such he has brought this suit to overhaul the conduct of the individual defendants, as officers, trustees and directors of the corporation, to compel them to make good the losses which have occurred through their mismanagement, to remove them from office, and to wind up the corporation on account of its insolvency. A demurrer to the complainant by the individual defendants was sustained, upon the ground that a creditor at large could not maintain the action.

That decision is in accordance with general principles; for, until the debt has been established it remains a question whether the holder of it is a creditor. The statute (2 R. S., 463, § 35) gives the remedy to a creditor of the corporation, but we think it was not the intention of the Legislature to make that remedy the medium of litigating the question whether the plaintiff was a creditor when the suit was commenced or not. This question was decided in *Belknap* v. *North America Life Ins. Co.* (11 Hun, 282). It was there held that a creditor at large could not maintain an

action like this. Upon a re-examination of the subject we have perceived no reason to doubt the correctness of that decision. The case cannot, in our judgment, be brought within the principles which govern remedies for breaches of private trusts. The assets of a corporation, it is true, are a trust fund for the payment of its debts, but that fact does not give to individuals who are creditors of the corporation a right to intermeddle or interfere with its affairs before an attempt has been made to enforce payment of the debt by the corporation.

The order appealed from is not appealable. That must, therefore, be dismissed. The judgment must be affirmed, with costs and disbursements.

Dykman, J., concurred; Barnard, P. J., not sitting.

Judgment affirmed, with costs and disbursements, and appeal from order sustaining demurrer dismissed.